IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:08-612-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| LIONEL WASHINGTON ) | |
| ) | |
| _____ ) | |

The *pro se* defendant, Lionel Washington, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has responded and moved for summary judgment, contending that the defendant's claims are without merit.

PROCEDURAL HISTORY

The defendant was charged in this court with two counts of being a felon in possession of a firearm in violation of 18 U.S.C.§ 922(g): Count 1 — possession with intent to distribute five grams or more of crack cocaine and a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1), and Count 2 — possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1).

On April 30, 2009, the defendant pled guilty to a lesser included charge of Count 2 only, pursuant to a written plea agreement with the government. As a result of pleading to the lesser included offense of Count 2 and his prior felony drug convictions, the defendant faced a maximum term of imprisonment of 30 years. Had he pled to Count 2 as charged, he

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

1

would have faced a mandatory minimum term of imprisonment of 10 years and a maximum of Life. Prior to accepting the guilty plea, the court conducted its traditional colloquy with the defendant and with counsel for both the government and the defendant, and determined that the defendant was competent to plead guilty.

Washington was sentenced on December 14, 2009. Because of his prior felonies, he was characterized as a career offender pursuant to United States Sentencing Guideline (U.S.S.G.) § 4B1.1. The court adopted the Presentence Report (PSR) without any changes, resulting in an advisory guideline range of 188 to 235 months. The PSR relied upon by the court contained an extensive account of Washington's mental and emotional health. Ultimately, the court sentenced the defendant at the bottom of the guideline range — 188 months.

Washington now returns to this court with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After the government moved for summary judgment, the court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the defendant of the procedures to be followed by a litigant facing a motion to dismiss or for summary judgment. The defendant responded to the motion.

Washington raises four grounds in his motion for relief: (1) trial counsel was ineffective for "failing to investigate into defendant's past family history" and for failing to prepare a sentencing defense based on this mitigating evidence; (2) counsel was ineffective for failing to argue that the defendant's "base offense level was erroneously calculated" pursuant to the United States Sentencing Guidelines; (3) counsel was ineffective for failing

to argue that the 2010 amendments to the U.S. Sentencing Guidelines which eliminated the "recency" enhancement pursuant to U.S.S.G. 4A1.1(d) should apply in his case; and (4) that he should receive the benefit of the Fair Sentencing Act.

After carefully reviewing the briefs submitted by both sides and the record in this case, the court determines that an evidentiary hearing is not necessary and that the § 2255 motion should be denied.

## STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

### *Summary Judgment*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir.1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir.1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. That limitation period runs from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

4

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pub.L. No. 104-132, § 105(2).

In order to prevail on an ineffective assistance claim, the defendant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Strickland*, 466 U.S. at 688–89.

In addition to showing ineffective representation, the defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

DISCUSSION[2]

*Ground 1 — Failure to Investigate Past Family History*

Ground 1 began as a claim that counsel was constitutionally ineffective for failing to fully investigate the defendant's past family history. The amended petition morphs this claim into one that counsel was ineffective for failing to ask for a reduced sentence because of the defendant's diminished mental capacity, under U.S.S.G. § 2.13. This claim must fail for a variety of reasons.

In his amended petition, Washington contends that his diminished capacity was noticed early in his life as evidenced by the fact that he was placed in special education classes in school because of his behavior problems and his violent nature towards other students. He contends that his mental deficiency has been documented dating from 1989 through 2008. He contends he has an extensive 15-year history of psychiatric treatment involving several clinicians. He says that he argued with his trial counsel on this issue and this argument created a conflict of interest with trial counsel.

To begin with, Washington's prior mental condition was fully set out in paragraphs 69–71 of the PSR. Thus, the court was aware of the defendant's troubled past to which he

---

[2] The court's considerations of the matters raised in this case has been made more difficult by virtue of the fact that Washington has filed overlapping and somewhat repetitive amended claims. His initial motion was filed on December 28, 2010. On March 4, 2011, he requested that he be allowed to file an amended § 2255 motion. Before the court could act upon the motion to amend, the government, on March 8, 2011, filed a motion for summary judgment. Thereafter, on April 13, 2011, the court granted the defendant's motion to amend his § 2255 motion and directed that the government respond to the amended motion within 30 days. Before the government could file its amended response, the defendant filed yet another pleading styled "motion to reply to government's § 2255 response." This pleading appears to be a document responding to the government's earlier (now superceded) response to his first § 2255 motion. Then, on June 28, 2011, after the government had filed its response and motion for summary judgment, the defendant filed a document styled "motion to respond to government's response to movant's amended motion for relief." This reiterated and copied verbatim paragraphs from earlier pleadings that had been filed.

refers to in his present motion. Moreover, the guideline upon which Washington relies (U.S.S.G. § 2.13) expressly prohibits a departure below the applicable guideline range if:

> (1) The significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; . . . .

Washington admitted during the PSR investigative interview that he smoked marijuana once or twice a day since age 14. On the date of the conduct that led to his conviction in this court, Washington was found to be in possession of a substantial quantity (over 25 grams) of cocaine base and a firearm. Thus, a threat of violence could clearly be inferred from his behavior on the date in question. Finally, and perhaps most importantly, Washington's criminal history includes convictions for assault with intent to kill, burglary second degree, unlawful possession of a pistol by a person under the age of 21, and distribution of cocaine and distribution of cocaine within close proximity of a school zone. As a result of these convictions, Washington qualified as a career offender.

Had Washington's trial counsel sought a downward departure based on U.S.S.G. §2.13, the proviso quoted above would have prevented this court from granting the requested departure. Washington admitted to being a habitual drug user; the facts of his offense indicated a need to protect the public; and his criminal history indicated the need to incarcerate the defendant to protect the public. Because the defendant's mental history was made known to the court through the PSR, and because the request, if one had been made, would not have been granted, the court finds no error in the failure to counsel to move for

7

a downward departure based on diminished mental capacity.

That being said, it should also be noted that trial counsel performed quite capably in securing a favorable plea on behalf of the defendant. To begin with, counsel convinced the government to allow Washington to plead to a lesser included charge contained in Count 2 and receive a 188-month sentence. Had Washington gone to trial and been convicted on Count 2 and Count 4, he would have faced an advisory guideline sentence of 360 months to life on Count 2, plus 60 months, consecutive, on Count 4, for a potential total sentence of 420 months, more than twice the sentence ultimately imposed by this court.

Moreover, Washington engaged in a lengthy battle regarding the suppression of certain evidence and the court ruled adversely to the defendant on this issue. Notwithstanding this fact, trial counsel persuaded the court to nevertheless give Washington credit for acceptance of responsibility, thereby reducing his offense level by three points. In light of the result obtained in this case and the fact that the PSR contained a full account of the defendant's mental and emotional history, the court has little difficulty in concluding that counsel's performance did not fall below an objective standard of reasonableness such to render it ineffective.

*Ground 2 — Improper Base Offense Level*

In Ground 2, Washington claims that trial counsel was ineffective for failing to object to the calculation of his total offense level under the guidelines. Washington argues that his guidelines should have been based upon the drug weight he pled guilty to, which he argues is "less than" five grams of cocaine base. Application of this drug weight would yield a base

8

offense level of 22 pursuant to U.S.S.G. § 2D1.1.  Washington's argument in this regard totally ignores the fact that his guidelines were calculated as a result of his status as a career offender, not based on the drug weights attributed to him in the PSR.  Counsel could not have been ineffective for failing to make the argument that Washington now suggests, because Washington's guidelines were unaffected by the amount of drugs he was held accountable for.

Washington further argues that the predicate offenses which were used to enhance him to career offender status should have been counted as one offense, since they were consolidated for sentencing.  As noted in the PSR, the predicate offenses included convictions for: (1) assault with intent to kill and burglary, second degree, which he pled guilty to on November 12, 2003; and (2) distribution of cocaine and distribution of cocaine near a school, which the defendant pled guilty to on September 6, 2006.  These offenses are clearly separated by intervening arrests, as Washington received a three-year custodial sentence on the 2003 charge.  He was then arrested again in 2006 on the distribution charges. U.S.S.G. § 4A1.2(a)(2) states:

> Prior sentences *always* are (emphasis added) counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e. the defendant is arrested for the first offense prior to committing the second offense).

*Id.*

Washington's 2003 and 2006 convictions were not just separated by an intervening arrest, they were separated by an active prison sentence.  This argument is wholly without merit.

9

*Ground 3 — Failure to Argue that the 2010 U.S.S.G. Amendments Apply*

Defendant's argument in Ground 3 is foreclosed by reason of the fact, as noted above, that Washington was sentenced as a career offender under U.S.S.G. § 4B1.1. He contends that his counsel should have argued that the 2010 amendments, which eliminated the so-called "recency" enhancement should apply to his case. Because Washington was sentenced as a career offender, however, application of the 2010 amendment to his case would have had no effect. Washington's criminal history category was enhanced to a level VI by virtue of his status as a career offender. Thus, even if Washington were correct (a matter about which the court expresses no opinion), this would have resulted in a two-point reduction in his criminal history calculation, but would have not affected his ultimate criminal history score of VI because he was a career offender.

*Ground 4 — Failure to Apply the Fair Sentencing Act*

Washington's offense conduct, as well as the sentence imposed, all occurred well prior to the enactment of the Fair Sentencing Act of 2010 (FSA). Washington was sentenced by this court on December 14, 2009.

Even if the FSA were held to be retroactive so as to apply to Washington's case, his sentence was driven not by the drug weight attributable to him, but rather his career offender status. Therefore he would face exactly the same guideline sentence if he were sentenced under the FSA.

CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 motion is without merit. Accordingly, the government's motion for summary judgment is granted.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 23, 2011                           Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).